NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X

| | |
|---|---|
| MICHELLE and KEVIN REYNOLDS, | Chapter 13 |
| | Case No.: 08-12928-MBK |
| Debtors. | |

-------------------------------------------------------X

MICHELLE and KEVIN REYNOLDS,

                Plaintiffs,

   -against-                                            Adv. Pro. No.: 08-1550-MBK

IRVING REYNOLDS,
                Defendant.

-------------------------------------------------------X

APPEARANCES:

Matthew Wolf, Esq.
Pappas & Wolf, LLC
33 East Main Street, Suite 4
Moorestown, NJ 08057
Attorneys for Plaintiffs, Michelle and Kevin Reynolds

Edward Colrick, Esq.
Provost & Colrick, P.C.
50 Thoreau Drive
Freehold, NJ 07728
Attorneys for Defendant, Irving Reynolds

**MICHAEL B. KAPLAN, U.S.B.J.**

**MEMORANDUM DECISION**

**INTRODUCTION**

The primary issue raised in this case is whether, under New Jersey law, a settlement remains enforceable when the settlement's material terms have been agreed upon but its immaterial terms have not.

**JURISDICTION**

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(b) and the Standing Order of the United States District Court dated July 10, 1984, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (I). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a). The following constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.

I.    **FACTS AND PROCEDURAL HISTORY**

Michelle and Kevin Reynolds ("Plaintiffs") filed an adversary proceeding on May 19, 2008 seeking a judgment that the debt owed to them by Mr. Irving Reynolds ("Defendant") was non-dischargeable. During the resulting settlement conference, Defendant proposed assigning a $30,000 judgment, which was in Defendant's favor but not yet collected upon, to Plaintiffs so that the judgment could be applied to the debt owed to Plaintiffs. The judgment was the result of unrelated litigation and the trial was conducted by Defendant's counsel. Defendant's counsel was owed $20,000 of the $30,000 judgment and agreed to reduce his claim to $15,000. This agreement provided that Plaintiffs would retain all proceeds after paying Defendant's counsel the agreed upon amount of $15,000.

After reaching the agreement, a dispute arose between the parties as to some of the details, to wit, which party should bear the costs of collection with respect to the underlying

judgment and whether Defendant's counsel is entitled to additional recovery for interest given the delay in consummating the settlement. Subsequently, Defendant alleged that the settlement had been breached and that Defendant's counsel was going to resume collection efforts in Defendant's interest. In response, Plaintiffs filed this motion to enforce the March 1, 2010 settlement and to include terms from a May 17, 2010 letter ("May Letter") Plaintiffs had sent to Defendant. The substance of Plaintiffs' position is that Defendant made an offer of the above mentioned terms prior to March 1, 2010 and Plaintiffs accepted the terms via a letter dated March 1, 2010. Plaintiffs argue that whereas the additional "details" of the settlement were never agreed upon, the necessary material terms were and Defendant attempted to make material and unreasonable modifications via a March 11, 2010 letter ("March Letter"). Plaintiffs argue that the May Letter sent to Defendant proposed two reasonable terms: 1) that Plaintiffs' counsel was not representing either Defendant or Defendant's counsel; and 2) that there would be a fair sharing of the collection costs.

Defendant argues that the March Letter was a proposal designed to solidify the details of the settlement agreement. However, Defendant argues, neither Plaintiffs nor Plaintiffs' counsel responded to the letter in a timely fashion. More precisely, Defendant argues that Plaintiffs and Plaintiffs' counsel did not respond to the March Letter until May. Because of this, Defendant treated the settlement as having been breached. In the alternative, Defendant argues that since the details were never agreed upon, there was no "meeting of the minds. Finally, Defendant argues that Plaintiffs are merely trying to reinstate the settlement after the underlying case was dismissed with prejudice. This, Defendant argues, is unconscionable.

II. **ANALYSIS AND DISCUSSION**

The Court rejects Defendant's argument that there was no "meeting of the minds." It is well settled New Jersey law that parties may bind themselves to a contract via an informal memorandum even though they intend to later complete a more formal agreement. Berg Agency v. Sleepworld – Willingboro, Inc. 136 N.J. Super 369, 373-74 (N.J. Super. Ct. App. Div. 1975); Zuendt v. A. Eisenstein, Inc. 139 N.J. Eq. 476 (N.J. Ch. 1947). The question as to whether the parties have entered into a contract is one of intent. Comerate v. Chaumont, 52 N.J. Super 299, 305 (N.J. Super. Ct. App. Div. 1958). In the case at hand, the motions of both parties demonstrate agreement on the substantive settlement mentioned above. Although Defendant argues that the case was dismissed on March 1, 2010 and that the motion to enforce is merely an effort to reinstate the settlement, Defendant's counsel sent an assignment of judgment and a proposed settlement agreement via the March Letter. The March Letter did not attempt to alter any of the aforementioned substantive terms. This indicates that Defendant, after the dismissal, still intended to complete the settlement. Additionally, after the dismissal, Defendant's counsel notified the judgment debtor's counsel of the assignment of the debt. As such, the requisite intent to form a contract has been met in this case.

Case precedent leads this Court to conclude that a contract is enforceable under New Jersey law although all terms have not been determined despite Defendant's arguments to the contrary. Berg Agency v. Sleepworld states that an enforceable contract does not need to contain every conceivable clause to be binding. 136 N.J. Super. at 376. The court stated, "a contract is no less a contract because some preferable clauses may be omitted either deliberately or by neglect." Id. at 377. As such, Defendant's argument that there was no settlement because some terms were not decided upon by the parties is rejected. It must be noted that the Berg court stated

that the presence or absence of particular provisions merely demonstrates intent or a lack thereof. Id. As has been demonstrated, Defendant cannot seriously challenge a lack of intent. Therefore, this agreement is fully enforceable under New Jersey law.

Volk v. Atlantic Acceptance & Realty Co. provides that a contract is not enforceable as long as negotiations regarding terms which either party considers material are ongoing. . See Volk, 50 A.2d 488, 489 (NJ. Ch. 1947). However, such an argument is rejected as well. First, to argue that post-judgment interest, which Defendant's counsel is requesting from Plaintiffs, is material would appear to be incorrect. The amount of interest relative to the amount of the judgment would appear to be insignificant. Additionally, the agreement can clearly be conceived and executed without a discussion of interest ever occurring. As such, in the context of this agreement, interest payments are immaterial terms.

Second, Volk also clearly demonstrates that the intent of the parties determines enforceability. Once the parties intended the settlement to be enforceable, then the settlement became enforceable notwithstanding the absence of a provision which one party later declares to be material. See id. Volk does not provide a route for parties to a contract to undo the contract's enforceability by later claiming that a term is material.

As to whether the disagreed upon terms are either material or essential, the *Restatement* carries this formulation, "What is essential depends on the agreement and its context and also on the subsequent conduct of the parties . . . ." RESTATEMENT (SECOND) OF CONTRACTS § 131, cmt. g (1981). If this formulation is used, then one must conclude that the disputed terms (e.g. which party shall bear the collection costs and which party shall bear the cost of interest) are not material although they may be substantial. Both parties continually reassert that the agreement merely contained the provisions that Plaintiffs' counsel would undertake collection and that

Defendant's counsel would receive the first $15,000. The Defendant's counsel subsequently assigned the judgment to the party seeking to enforce the judgment. Plaintiffs' counsel submitted a Certification of Counsel in which he stated that he supported the motion to enforce the settlement "so that the matter may be concluded once and for all under fair terms." The only arguments that Plaintiffs' counsel can muster in support of splitting the costs of collection with Defendant's counsel is that Defendant has not objected or shown why the term is unreasonable. This avoids the primary issue which is continually reasserted in New Jersey decisions: if the parties intended to form a binding contract, the contract is enforceable in line with the parties' intent.

## III.    CONCLUSION

For the foregoing reasons, the Court finds the settlement agreement enforceable as to the terms clearly agreed upon. Defendant's counsel shall not receive post-judgment interest and shall not have the ability to pursue the judgment on either his own behalf or on behalf of his client as long as Plaintiffs or Plaintiffs' attorney makes reasonable efforts at collection. Plaintiffs' counsel shall not be reimbursed for collection costs.

Dated: July 26, 2010

_____
Honorable Michael B. Kaplan
United States Bankruptcy Judge